Martin L. Welsh, Esq
The Law Office of Hayes & Welsh
199 N. Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
(702) 960-4006 (direct)
(702) 434-3444 (office)
(702) 434-3739 (fax)
mwelsh@lvlaw.com; valencia@hayesandwelsh.onmicrosoft.com

Jonathan C. Capp,  (CA SBN 177585)
13891 Bassmore Drive
San Diego, CA 92129
Tel. 760 231 6498
Fax. 858 435 2510
Email: jcclex@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ISABEL APARECIDA AULER, an individual, CARLOS ALBERTO RODRIGUES DE FREITAS an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation, ROBERT CHARLES STEVENS, an individual, and DOES 1- 10 inclusive<br>Defendants, | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Counsel will comply with LR IA 11-2 within 45 days)<br><br><br>**JURY DEMAND** |

PLAINTIFFS ALLEGE AS FOLLOWS:

Attorney Jonathan C. Capp has complied with LR IA 11-2.

-1-

COMPLAINT FOR DAMAGES

# PARTIES

1.1  Plaintiff ISABEL APARECIDA AULER (hereinafter 'ISABEL'), is, and at all material times was, an individual resident in and a citizen of the country of Brazil

1.2  Plaintiff CARLOS ALBERTO RODRIGUES DE FREITAS (hereinafter 'CARLOS'), is, and at all material times was, an individual resident in and a citizen of the country of Brazil. At all material times CARLOS and ISABEL lived together in a legal union substantially equivalent to that of a Nevada domestic partnership and had done for decades beforehand.

1.3  Defendant THE HERTZ CORPORATION (hereinafter 'HERTZ), is, and at all material times was, a Delaware corporation and also listed as a foreign corporation in the State of Nevada. At all material times HERTZ operated as a car rental company nationwide and from a location in Las Vegas at McCarran Airport and within the jurisdiction of the court.

1.4  Defendant ROBERT CHARLES STEVENS ( hereinafter 'STEVENS') was an individual resident of Long Beach, California and a citizen of the State of California.

1.5  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 thru 10 inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed, believe and thereon allege that each of the Defendants designated herein as fictitiously named Defendants are in some manner responsible for the events and happenings referred to and caused the damages as alleged herein. When Plaintiffs ascertain the true names and capacities of DOES 1 thru 10 inclusive it will ask leave of the Court to amend the Complaint by setting forth the same.

1.6  Plaintiffs are informed and believes and thereon alleges that, at all time relevant to this Complaint, each Defendant was the agent, employee, partner, associate, joint venturer, syndicate member, successor in interest, and/or acting in concert with, and under the direction and control of each remaining Defendant and

in doing the things alleged in this Complaint, each Defendant was acting within the course and scope of said relationship.

## JURISDICTION AND VENUE

2.1   Jurisdiction is proper with his court in that there is diversity of citizenship and the matter in controversy exceeds the sum of $75,000.00 pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens and residents of Brazil and defendant HERTZ is a citizen of Delaware and Defendant STEVENS a citizen of California

2.2   This court is the correct venue to hear this matter as the matters complained of occurred primarily within this judicial district.

## FACTUAL ALLEGATIONS

3.1 On or around December 24, 2016 Plaintiffs arrived in Los Angeles on vacation from Brazil. They rented a car, a 2016 Hyundai Santa Fe vehicle, from HERTZ at Los Angeles International airport and drove the same to Las Vegas Nevada.

3.2 On or around January 1, 2017 Plaintiffs returned the car to HERTZ at the HERTZ car return area located close to McCarran Airport in Las Vegas, Nevada. They both were lawfully present as customers of HERTZ in the car return area which was under the control of HERTZ thru its agents and employees.

3.3   CARLOS parked the car in a designated car return lane. When both were standing on the passenger side of the Hyundai Santa Fe, and between two lanes of cars that were stationary and being returned, and when they were in the course of returning the car, Plaintiffs were struck and impacted by a car driven by STEVENS.

-3-

COMPLAINT FOR DAMAGES

3.4   STEVENS was also a customer of HERTZ and who was returning a 2017 Hyundai Sonata to HERTZ at the said location. STEVENS struck ISABEL and CARLOS with the Hyundai Sonata he was driving such that ISABEL was thrown into the air and onto the concrete floor of the return area. Instead of breaking, as he should have done, STEVENS accelerated and drove into ISABEL and CARLOS. STEVENS was not paying due care and attention when, amongst other things, he accelerated instead of breaking.

3.5   STEVENS was able to strike Plaintiffs since the return lanes where they was present were excessively and dangerously wide and permitted STEVEN's car to pass thru the cars situated on the same and strike Plaintiffs. Furthermore STEVENS simply ploughed through the plastic cones placed by HERTZ upon the lanes.

3.6   At all material times the return area where the matters complained of occurred were controlled by HERTZ. Furthermore the delineation and maintenance of the lanes and the cones, and the system operated whereby the cars were returned, were wholly designed by, created by, maintained by, and controlled by HERTZ or their agents. Wholly inadequate warnings were given as to the dangerous condition of the return area and procedures employed were unsafe. The area where Plaintiffs were struck and  injured, and close to where they were struck, was not safe and was not properly controlled, delineated, or protected. HERTZ by their actions left Plaintiffs wholly exposed to foreseeable danger.

3.7   As a result of her being struck, ISABEL suffered  serious injuries.  She was hospitalized in Las Vegas and also upon returning to Brazil. She has been permanently damaged both physically and emotionally as a result.

3.8   Plaintiffs have suffered loss and damage and to include pain and suffering, physical and extreme emotional distress, financial loss, and other damage.

3.9   Plaintiffs' injuries were solely caused by the acts of Defendants. There was no contributory negligence on the part of Plaintiffs. The danger was not open and obvious to Plaintiffs who exercised all due care at all times.

3.10 Defendant STEVENS owed Plaintiffs a duty of care to drive his car in a safe manner, and not to accelerate forward when he should have braked or otherwise been stationary, and not otherwise strike Plaintiffs. Defendant HERTZ owed Plaintiffs a duty of care to operate the car return area in a safe way and to maintain it in a safe condition for persons such as Plaintiffs who were lawful visitors returning a rental car.

3.11 Furthermore, Defendant HERTZ, was on notice, both actual and constructive, of the dangerous condition they created but did nothing to remedy it.

3.12 As ISABEL's long term effective spouse CARLOS has also suffered pain and suffering due to him seeing her suffer, and has suffered a loss of consortium, since he was with his effective decades-long spouse, ISABEL, when the matters complained of occurred and has lived with her since. The injury has devastated their relationship.

3.13 CARLOS was in close proximity to ISABEL when she was struck. He witnessed her in severe physical and emotional distress from her injuries and has done so since the accident.

3.14 As a result of what he has witnessed and experienced CARLOS has suffered severe emotional distress. Defendants and each of their respective conduct was a substantial factor in causing CARLOS to suffer severe emotional distress.

3.15 As a result of the matters complained of Plaintiffs have suffered loss and damage to include injury to the person, emotional distress, upset and hurt, financial, and medical and logistical expenses and a loss of earnings.

3.16 Plaintiffs will rely on the laws of Brazil when required.

# FIRST CAUSE OF ACTION
## FOR NEGLIGENCE BY BOTH PLAINTIFFS AGAINST DEFENDANT HERTZ

4.1. Plaintiffs incorporate by reference all paragraphs above with the same force and effect as if more fully set forth here, and further allege:

COMPLAINT FOR DAMAGES

4.2  By reason of the foregoing matters complained of, Plaintiffs, amongst other things, have sustained bodily injury to their person. They have also incurred severe emotional upset, distress and hurt, financial and medical and logistical expenses, and suffered a loss of earnings.

4.3  The full extent of plaintiffs' injuries are unknown at this time, however the accident has severely impacted their ability to lead a normal life. Prior to the accident Plaintiffs were very healthy and active couple. Plaintiffs have suffered, and continues to suffer, substantial pain and suffering and emotional distress and upset.

4.4  The injuries and damages resulting therefrom, occurred as the result of the careless, reckless and negligent conduct of the Defendant, and without any fault on the part of Plaintiffs, who failed to keep the premises reasonably safe for Plaintiffs. Defendant's careless, reckless, and negligent conduct was the cause of Plaintiffs' injuries.

## SECOND CAUSE OF ACTION

## FOR NEGLIGENCE BY PLAINTIFFS AGAINST DEFENDANT STEVENS

4.5. Plaintiffs incorporate by reference all paragraphs above with the same force and effect as if more fully set forth here, and further allege:

4.6  By reason of the foregoing matters complained of, Plaintiffs, amongst other things, have sustained bodily injury to the person. They have also incurred  severe emotional upset, distress and hurt, financial and medical and logistical expenses, and suffered a loss of earnings.

4.7  The full extent of Plaintiffs' injuries are unknown at this time, however the accident has severely impacted their ability to lead a normal life. Prior to the

accident they were very healthy and active. Plaintiffs have suffered, and continue to suffer, substantial pain and suffering and severe emotional distress and upset.

4.8   The injuries and damages resulting therefrom, occurred as the result of the careless, reckless and negligent conduct of the Defendant, and without any fault on the part of Plaintiffs, and who failed to operate the car he was driving in a safe manner. Defendant's careless, reckless, and negligent conduct was a cause of Plaintiffs' injuries.

## THIRD CAUSE OF ACTION
## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY PLAINTIFF CARLOS AGAINST DEFENDANTS HERTZ AND STEVENS

4.9   Plaintiff incorporates by reference all paragraphs above with the same force and effect as if more fully set forth here, and further allege:

4.10 Plaintiff was standing right next to ISABEL when she was struck as described above. As a result of this he has witnessed her in severe physical and emotional distress as a result of her injuries.

4.11 As a result of the matters complained of Plaintiff CARLOS has suffered and continues to suffer severe emotional distress, upset and hurt, financial loss, and loss of consortium.

## FOURTH CAUSE OF ACTION
## FOR LOSS OF CONSORTIUM BY PLAINTIFF CARLOS AGAINST DEFENDANTS HERTZ AND STEVENS

4.12 Plaintiff incorporates by reference all paragraphs above with the same force and effect as if more fully set forth here, and further allege:

COMPLAINT FOR DAMAGES

4.13 As a result of the matters complained of Plaintiff CARLOS has suffered and continues to suffer emotional upset and hurt, financial loss, and loss of consortium.

4.14 All Plaintiffs demand trial by jury against all defendants on all causes of action.

WHEREFORE Plaintiffs pray for judgment against defendants as follows:

1. For general damages, including economic damages and medical and all other expenses in an amount to be determined by the evidence at trial;
2. For costs and attorneys fees;
3. For interest at the applicable rate
4. For such other and further relief as the court may deem proper.

Dated: August 13, 2018

_____
Jonathan C. Capp, Attorney for Plaintiffs


/s/ Martin L. Welsh, Esq.
Martin L. Welsh, Esq
Nevada Bar No. 8720
Law Office of Hayes & Welsh
199 N. Arroyo Grande Blvd. Ste. 200
Henderson, NV 89014
mwelsh@lvlaw.com

COMPLAINT FOR DAMAGES