Jonathan C. Capp,   (CA SBN 177585)
13891 Bassmore Drive
San Diego, CA 92129
Tel. 760 231 6498
Fax. 858 435 2510
Email: jcclex@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS ALBERTO RODRIGUES DE FREITAS as the Administrator of the Estate of Isabel Auler (deceased), CARLOS ALBERTO RODRIGUES DE FREITAS an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation, ROBERT CHARLES STEVENS, an individual, and DOES 1- 10 inclusive<br>Defendants, | Case No.: Case No.: 2: 18-cv-01522-JAD-BNW<br><br>**JOINT MOTION TO MODIFY SCHEDULING ORDER SO AS TO REOPEN DISCOVERY AND SET MOTION DATES [FRCP 16 (b) (4)]** |

**JOINT MOTION TO MODIFY SCHEDULING ORDER SO AS TO RE-OPEN DISCOVERY AND SET MOTION DATES**

TO THE HONORABLE COURT: PLEASE TAKE NOTICE that the parties move jointly to modify the scheduling order in accordance with the order of the court made

after the status conference held on October 5, 2021 ( Doc. # 110) and also that of July 30, 2020 ( Doc. # 102).

The parties jointly request that,

1.  Discovery be reopened on issues relating to the causation of death of Isabel Auler and updated damages related to the same, only, with an amended scheduling order being entered by the court; and,

2.  That a date be set for the filing of dispositive motions in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I

### INTRODUCTION AND NEUTRAL STATEMENT OF THE FACTS AND RELEVANT PROCEDURAL HISTORY

This is a personal injury case. In short, in their initial complaint filed on August 8, 2018 (Doc. # 1) Plaintiffs Isabel Auler and Carlos De Freitas alleged that they were injured through the fault of Defendant Hertz Corporation ('HERTZ), when returning their rental vehicle to HERTZ on New Year's Day 2017.

Plaintiffs filed a first amended complaint (Doc. # 71) on October 30, 2019 to add additional causes of action for negligent entrustment and a claim for punitive damages. More recently a second amended complaint was filed on October 7, 2021, to reflect the fact that Isabel Auler had died and that Carlos de Freitas was substituted in as plaintiff as the administrator of her estate.

An initial scheduling order was entered by the court on November 28, 2018 (Doc #. 16). Extensive discovery proceeded with multiple expert witness depositions taken in various states and via video deposition in Brazil.  As a consequence, this initial order was extended six times by the court (often by stipulation) and a final discovery cut-off of was entered by this court on October 11, 2019 (Doc #. 77). This final order provided for a discovery cut-off date of December 2, 2019 and a dispositive motion final filing date of December 4, 2019.

On December 4, 2019 HERTZ filed a motion for summary judgement. Discovery was completed by December 2, 2019 save for some final expert witness depositions taken in December 2019 and January 2020 pursuant to an order made by the court on December 12, 2019.

Isabel Auler died after a period of hospitalization in Sao Paulo, Brazil on April 10, 2020 and, according to Plaintiffs, as a result of her original injuries. HERTZ would like to conduct discovery related to the causation of her death and may dispute the cause of her death.

Isabel's surviving civil partner Carlos de Freitas was appointed administrator of Isabel's estate on June 2, 2020 by the legal authorities in Sao Paulo Brazil. In his capacity as administrator of the estate of Isabel, Carlos now pursues this litigation.

HERTZ entered Chapter 11 bankruptcy proceedings around May 22, 2020, and this case was stayed as a consequence. Notice of the bankruptcy stay was filed by Hertz with the court on May 26, 2020 (Doc. # 101).  This was before Carlos could be appointed Administrator of the estate in Brazil and at the height of the Covid pandemic and lockdowns on both the US and Brazil.

The stay was lifted pursuant to the stipulation of the parties and order of the bankruptcy court on August 23, 2021.  Plaintiffs promptly notified this court[1] of the death of Isabel upon the lifting of the stay on August 23, 2021 (Doc. #108)

The case was administratively closed as a result of the stay but subsequent to a status conference held on October 5, 2021 is now open.

Copies of the hospitalization records and the death certificate in Portuguese were provided to counsel for Hertz in early August 2021. An English translation was available and emailed to counsel for Hertz on October 1, 2021. The death certificate states the following as the cause of death: URINARY FOCUS SEPSIS, NEUROGENIC BLADDER, CRANIOENCEPHALIC TRAUMA, ISCHEMIC CARDIOMYOPATHY.

---

[1] As a courtesy Plaintiffs notified Defendants of her death in late April 2019.

Other than these hospitalization records, already provided, Plaintiffs do not at this time believe that any other medical records relating to the death of Isabel Auler exist.

Both HERTZ and Plaintiffs have designated medical experts and to include for each side expert orthopedic surgeons, neuro-surgeons, and neurologists.

Plaintiffs have already updated their disclosures to, amongst other things, reflect the death of Isabel and adjusted claimed damages.

Regarding the summary judgment motion filed by Hertz, by its Minute Order in Chambers of July 30, 2020, the court stated that "in light of Hertz's bankruptcy notice, IT IS HEREBY ORDERED that Hertz's motion for summary judgment is DENIED without prejudice to Hertz's ability to refile that motion if the automatic stay under 11 U.S.C. § 362 is lifted, modified, or otherwise dissolved to allow plaintiffs to proceed with their claims against Hertz." (Doc. # 102)

At the October 5th 2020 Status conference, Judge Dorsey stated that if the parties would like the court to enter an amended scheduling order to allow discovery related to the causation and damages issues, and further dispositive motion dates, it should prepare and submit this joint motion to modify the scheduling order and set motion dates.   At the October 5th, 2021 Status conference Judge Dorsey clarified that she meant that if the dispositive motion deadline is continued as requested, any party should be free to refile any dispositive motion as to liability and not just HERTZ re-file the actual motion filed in December 2019.

## II

## LEGAL ARGUMENT

(i)      <u>Modifying a scheduling order requires a showing of "good cause."</u>

"A *schedule* may be modified only for *good cause* and with the judge's consent." [FRCP 16(b)(4) (emphasis added)]

"Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." <u>Johnson v. Mammoth Recreations Inc.</u>, ( 9th

Cir. 1992) 975 F.2d at 609 Thus, "Rule 16(b)'s `good cause' standard primarily considers the diligence of the party seeking the amendment." Id.;see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving party has not been diligent, the inquiry ends and the motion should be denied. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 609.

    (ii)    Good cause exists for the proposed modified scheduling order

In this case, the parties met the prior deadlines before Ms. Auler died.  However, new discovery is required now that Ms. Auler has passed away related to the causation of her death and related to updated claims of damages based on the same.  It was therefore impossible for the parties to have met the prior deadlines related to this newly needed discovery, since the prior deadlines expired months before Isabel Auler passed away in April 2020, and that discovery could not have been performed prior to the same.

Nor could this motion have been brought earlier since Carlos de Freitas was not even appointed administrator of the Estate of Isabel until June 2020, and by which time the case was already stayed due to the May 2020 bankruptcy filing of Hertz.  All parties agree that this motion should be granted and that an amended scheduling order should be issued allowing additional discovery on the issues of causation of Ms. Auler's death, and updated damages, only.

They propose that this be done in a way to avoid any further delay in this case which has already been subject to a delay of one year and four months when the case was stayed and/or closed due to the Hertz bankruptcy filing.

Thus they essentially propose that any dispositive motions (necessarily  relating to liability) be filed such that discovery may proceed when these are pending, and thus to avoid any further delay and promote judicial economy.

All parties agree that in the circumstances a new date should be set to file dispositive motions as to liability in line with Judge Dorsey's comments made at the October 5, status conference. Good cause exists for this given the fact that the pending dispositive motion could  not be adjudicated due to the bankruptcy stay and this issue should be reopened  and in line  with Judge Dorsey's comments.

### III

### PROPOSED MODIFIED SCHEDULING ORDER

The parties  propose the following new time period to conduct discovery on the issue of the death of Isabel Auler  and issues related thereto <u>only</u> and to prepare and file dispositive motions:

| Item | Additional time required to complete |
|------|--------------------------------------|
| 1.   Any party to prepare and file dispositive motions re. issue of liability only. | 45 days from the date Defendants are required to respond to the third amended complaint |
| 2.   Supplemental expert reports exchanged | 120 days |
| 3.   Complete all discovery | 180 days |
| 4.   For parties to prepare and file dispositive motions re.issues relating to the death of Isabel Auler such as causation of death only. | 185 days |

Respectfully submitted,

DATED: October 19, 2021.

Jonathan C. Capp

<u>/s/</u>_____

JONATHAN C. CAPP ESQ.
LAW OFFICES OF JONATHAN C. CAPP
Attorney for Plaintiffs

**<u>Order</u>**
**IT IS SO ORDERED**
**DATED:** 8:51 am, October 20, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

6

Kevin Lazar
/s/ _____

KEVIN LAZAR ESQ.
FORD WALKER. HAGGERTY & BEHAR
Attorney for Defendant HERTZ CORPORATION


James E. Murphy
/s/ _____

JAMES E. MURPHY ESQ.
LEWIS BRISBOIS BISGAARD & SMITH LLP

Attorney for Defendant HERTZ CORPORATION